## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Make LLC,<br><br>       Plaintiff,<br><br>v.<br><br>Popular Front, LLC and Starkey<br>Laboratories, Inc.,<br><br>       Defendants. | Court File No.: _____<br><br><br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1.    This action brings direct and contributory copyright infringement claims and breach of contract claims against Popular Front, LLC for its intentional and ongoing infringement of Plaintiff Make LLC's copyrighted works and refusal to pay anything for the receipt of those works.  This action also brings copyright infringement claims against Starkey Laboratories, Inc.—Popular Front, LLC's client—for direct and contributory copyright infringement claims for its intentional and ongoing infringement of Plaintiff Make LLC's copyrighted works

2.    Plaintiff Make LLC ("Make") is the sole author of copyrighted works entitled 3D Animation: Starkey PPT Wireless ("PPT Wireless"), 3D Animation: Starkey OtoLens ("OtoLens"), and 3D Elements & Environment: Starkey Fall Launch ("Fall Launch") (collectively "the copyrighted works").  Make created the copyrighted works as a vendor for Defendant Popular Front, LLC ("Popular Front").  Popular Front received Make's copyrighted works as part of Popular Front's services for its client Defendant Starkey

Laboratories, Inc. ("Starkey").  Make has never assigned any rights in the copyrighted works to Popular Front or Starkey.

3.     Popular Front has never paid Make for creating the copyrighted works.  Popular Front subsequently delivered the works or unauthorized copies to Starkey.  Make notified Popular Front and Starkey that they had no permission or license to copy, distribute, publicly display, or otherwise use or disseminate the copyrighted works and demanded that both parties cease and desist their infringing activities.  Nonetheless, both Starkey and Popular Front have continued to copy, distribute, publicly display, and otherwise use or disseminate the copyrighted works.  Make also notified Popular Front that it owed Make $105,000 for services rendered under an agreement between Make and Popular Front.  Popular Front has refused to pay anything at all under that agreement, in breach of that agreement.

4.     Both Starkey and Popular Front continue to infringe on Make's rights to the copyrighted works, forcing Make to bring this action for injunctive relief and damages under the Copyright Act.

## II. THE PARTIES

5.     Make LLC is a Minnesota Limited Liability Company.

6.     Make's principal place of business is 12 South Sixth Street, Suite 830, Minneapolis, Minnesota, 55402.

7.     Make is a visual effects and animation studio that designs visual effects, animations, and motion graphics, including the three works at issue in this action: OtoLens, Wireless PPT, and Fall Launch, described below.

8.     Starkey OtoLens ("OtoLens") is an original motion picture of 3D animation registered with the United States Copyright Office on May 12, 2011 as Registration No. PAu003546584 in full compliance with the copyright laws of the United States.

9.     Make owns the rights to Copyright Registration No. PAu003546584 under the Copyright Act.

10.     Starkey Wireless PPT ("Wireless PPT") is an original motion picture of 3D animation registered with the United States Copyright Office on May 12, 2011 as Registration No. PAu003546728 in full compliance with the copyright laws of the United States.

11.     Make owns the rights to Copyright Registration No. PAu003546728 under the Copyright Act.

12.     Starkey Fall Launch ("Fall Launch") is an original work consisting of original motion pictures of 3D elements and environments registered with the United States Copyright Office on May 12, 2011 as Registration No. PAu003547177 in full compliance with the copyright laws of the United States.

13.     Make owns the rights to Copyright Registration No. PAu003547177 under the Copyright Act.

14.     Popular Front, LLC ("Popular Front") is a Minnesota Limited Liability Company.

15.     Popular Front's principal place of business is 555 First Avenue Northeast, Minneapolis, Minnesota, 55413.

16.     Popular Front provides advertising and marketing services in Minnesota with a focus on digital media.

17.     Starkey Laboratories, Inc. ("Starkey") is a Minnesota corporation.

18.     Starkey's principal place of business is 6700 Washington Avenue South, Eden Prairie, Minnesota, 55344.

19.     Starkey designs, develops, and distributes hearing aids and related technology in Minnesota.

### III. JURISDICTION AND VENUE

20.     This action for damages and injunctive relief for copyright infringement arises under the Copyright Act, 17 U.S.C. §§ 101 et seq., as a result of the Defendants' unauthorized use of Make LLC's copyrighted works.

21.     This action is also for common law contract claims against Popular Front that arise out of the same transaction or occurrence as the claims arising under the Copyright Act.

22.     This Court has subject matter jurisdiction over claims arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the registrations for OtoLens, registration number PAu003546584,  Wireless PPT, registration number PAu003546728, and Fall Launch, registration number PAu003547177.

23.     This Court has subject matter jurisdiction over the common law contract claims against Popular Front pursuant to 28 U.S.C. § 1367.

24.     This Court has personal jurisdiction over Starkey and Popular Front.  Both parties are entities organized under the laws of Minnesota; are present in Minnesota; are amenable to personal service in Minnesota; have substantial, continuous, and systematic contacts with Minnesota; and purposefully avail themselves of the privileges of

conducting activities within the Minnesota and invoke the benefits and protection of its laws.

25.     Venue is proper in the District of Minnesota, pursuant to 28 U.S.C. §§ 1391(a)–(b) and 1400(a), because both defendants reside in and can be found in Minnesota.

## IV. FACTS

*Make created and owns the rights to its works under the Copyright Act*

26.     Make created an original motion picture of 3D animation entitled Starkey OtoLens ("OtoLens") in 2010.

27.     OtoLens was created by Make, wholly original to Make, and is a copyrightable subject under the laws of the United States.

28.     Make registered OtoLens with the United States Copyright Office on May 12, 2011 as Registration No. PAu003546584 in full compliance with the copyright laws of the United States.

29.     Make owns the rights to the work that is the subject to Copyright Registration No. PAu003546584 under the Copyright Act.

30.     Make created an original motion picture of 3D animation entitled Starkey Wireless PPT ("Wireless PPT") in 2010.

31.     Wireless PPT was created by Make, wholly original to Make, and is a copyrightable subject under the laws of the United States.

32.    Make registered Wireless PPT with the United States Copyright Office on May 12, 2011 as Registration No. PAu003546728 in full compliance with the copyright laws of the United States.

33.    Make owns the rights to the work that is the subject of Copyright Registration No. PAu003546728 under the Copyright Act.

34.    Make created original motion pictures of 3D elements and environments entitled Starkey Fall Launch ("Fall Launch") in 2010.

35.    Fall Launch is comprised of the following individual works:

| | |
|---|---|
| Binaural Memory Button 02 Lg Prog | Streamer A 01 Preview |
| Binaural Spacial Mapping 03 Lg Prog | Streamer B 01 Preview |
| Binaural Sync Phone 01 Lg Prog | Streamer B 02 Preview |
| Doctor Audibel 1 | Streamer 03 Preview |
| Doctor MicroTech 1 | Streamer B 04 Preview |
| Doctor NuEar 1 | Streamer C 01 Preview |
| Ear Piece 1 | Streamer C 02 Preview |
| Room to Room 1 | Streamer C 03 Preview |
| Room to Room Audibel 1 | SurfLink One Base Device 01 Lg Prog |
| Room to Room Micro Tech 1 | Transmitter2 Turntable 1 |
| Shot 001 REV1_1 | Wipe Diagonal A 1 |
| Shot 002_1 | Wipe Diagonal B 1 |
| Shot 003_1 | Audiologist 2 1 |
| Shot006 REV1_1 | Starkey 45Sport Shots 03 Lg Prog |
| Shot 011_1 | Audiologist 1 1 |
| Shot 012_1 | Wipe Side 1 |
| Shot 013_1 | Audiologist 3 1 |
| Shot 005_01 | Iris Logo 1 |
| Shot 009_01 | |

36.    Fall Launch was created by Make, wholly original to Make, and is a copyrightable subject under the laws of the United States.

37.    Make registered Fall Launch with the United States Copyright Office on May 12, 2011 as Registration No. PAu003547177 in full compliance with the copyright laws of the United States.

38.    Make owns the rights to the work that is the subject of Copyright Registration No. PAu003547177 under the Copyright Act.

*Popular Front did not pay for Make's services, Make never explicitly granted any rights in its works to Popular Front or Starkey, and Popular Front and Starkey infringed on Make's rights in the copyrighted works.*

39.    Popular Front, without authority or permission from Make, infringed on Make's rights under the Copyright Act by reproducing the copyrighted works by making copies and derivative works, distributing copies of those works to Starkey by sale or license, and by publicly performing and displaying those works.

40.    On or about May 25, 2010, Popular Front received a copy of Wireless PPT and a copy of OtoLens from Make.

41.    Make gave copies of the Wireless PPT and OtoLens works to Popular Front in exchange for Popular Front's promise of payment of $15,000 for each.

42.    The Wireless PPT and OtoLens works are not "works for hire" under the Copyright Act.

43.    Make never assigned any rights in the Wireless PPT and OtoLens works to Popular Front.

44.    Make never explicitly licensed the Wireless PPT and OtoLens works to Popular Front.

45.     Popular Front has never performed its obligation to pay $15,000 each for copies of the Wireless PPT and OtoLens works.

46.     Subsequent to receipt of the Wireless PPT and OtoLens works, Popular Front copied, distributed, publicly displayed, or otherwise used or disseminated the Wireless PPT and OtoLens works without permission.

47.     Popular Front also distributed unauthorized copies of Wireless PPT and OtoLens to Starkey.

48.     Starkey subsequently copied, distributed, publicly displayed, or otherwise used or disseminated the Wireless PPT and OtoLens works without permission.

49.     On or about March 22, 2011, Popular Front received a copy of Fall Launch and its component works from Make.

50.     Make gave a copy of Fall Launch in exchange for Popular Front's promise of two payments of $37,500 each, totaling $75,000.

51.     The Fall Launch work is not a "work for hire" under the Copyright Act.

52.     Make never assigned any rights in the Fall Launch work to Popular Front.

53.     Make never explicitly licensed the Fall Launch work to Popular Front.

54.     Popular Front has never performed its obligation to make two payments of $37,500 for a copy of Fall Launch.

55.     Subsequent to receipt of the Fall Launch work, Popular Front copied, distributed, publicly displayed, or otherwise used or disseminated the Fall Launch work without permission.

56.    Popular Front also distributed unauthorized copies and derivative works of Fall Launch and its component works to Starkey.

57.    Starkey subsequently copied, distributed, publicly displayed, or otherwise used or disseminated the Fall Launch work without permission.

*Popular Front and Starkey refuse to cease and desist their infringing activities.*

58.    When it became clear that Popular Front would not pay to use the copyrighted works, but nonetheless intended to copy, reproduce, distribute, display, and perform those works, Make notified Starkey and Popular Front that they had no permission or license to use the copyrighted works and demanded that both parties cease and desist their infringing activities.

59.    On or about April 19, 2011, Make notified Popular Front that Popular Front had no express license to use the copyrighted works and that any implied license was revoked for lack of consideration.

60.    On or about that same date, Make demanded that Popular Front, and its client, Starkey, cease and desist reproducing Starkey PPT Wireless, OtoLens, and Fall Launch, or otherwise violating my Make's exclusive rights under the Copyright Act.

61.    Popular Front refused to comply with Make's cease and desist demand.

62.    On or about May 25, 2011, Make notified Popular Front that the copyrighted works had been registered with the United States Copyright Office.

63.    On or before June 3, 2011, Popular Front notified Starkey that Make demanded Starkey and Popular Front refrain from infringing upon Make's exclusive rights to the copyrighted works

64.    On or about July 1, 2011, Make notified Starkey that Make registered OtoLens, Wireless PPT, and Fall Launch with the United States Copyright Office and that Make demanded Starkey cease and desist any unauthorized use of Make's original, copyrighted works.

65.    Starkey refused to comply with Make's cease and desist demand. For example, it continued to feature a video including copies or derivatives of the copyrighted work on its webpage.

66.    On or about July 1, 2011, Make reiterated its demand that Popular Front cease and desist its infringing activities.

67.    Popular Front continues to refuse to comply with Make's cease and desist demand. For example, it continued to feature a video including copies or derivatives of the copyrighted work on its webpage.

## V.    CAUSES OF ACTION

### COUNT I
### Direct and Contributory Copyright Infringement—Starkey

68.    Make repeats and realleges each and every allegation contained in the above paragraphs.

69.     Make has copyrighted OtoLens, Wireless PPT, and Fall Launch in full compliance with the Copyright Act.

70.     Make has been and still is the author of and owner of the exclusive rights to reproduce, distribute, perform, and publically display OtoLens, Wireless PPT, and Fall Launch, or to authorize the reproduction, distribution, performance, or display of those works.

71.     Make has never authorized Starkey to reproduce, distribute, perform, or publically display OtoLens, Wireless PPT, and Fall Launch, or to authorize the reproduction, distribution, performance, or public display of those works.

72.     Starkey was given copies of OtoLens, Wireless PPT, and Fall Launch by Popular Front and at all times relevant had access to OtoLens, Wireless PPT, and Fall Launch.

73.     Starkey reproduced, distributed, performed, and publically displayed OtoLens, Wireless PPT, and Fall Launch, or works substantially similar to those works, and has authorized such copying, distributing, performing, or public displaying of those works.

74.     Starkey's actions and conduct as described above infringe upon Make's exclusive rights granted under 17 U.S.C. § 106 to reproduce, distribute, publically display, and perform OtoLens, Wireless PPT, and Fall Launch.

75.     Starkey at all times relevant had knowledge that Make was the author and owner of all rights in the OtoLens, Wireless PPT, and Fall Launch works.

76.     Starkey's actions and conduct as described above constitute willful copyright infringement under 17 U.S.C. § 501.

77.     Starkey continues to infringe Make's copyrights and unless Starkey is permanently enjoined by order of this Court will continue to infringe Make's copyrights, causing Make irreparable harm.

78.     As a result of the copyright infringement described above, Make is entitled to relief including, but not limited to, injunctive relief under 17 U.S.C. § 502, impoundment and destruction of all copies violating Make's exclusive copyrights under 17 U.S.C. § 503, actual or statutory damages under 17 U.S.C. § 504, reasonable attorneys' fees and costs under 17 U.S.C. § 505, and prejudgment interest.

## COUNT II
### Direct and Contributory Copyright Infringement—Popular Front

79.     Make repeats and realleges each and every allegation contained in the above paragraphs.

80.     Make has copyrighted OtoLens, Wireless PPT, and Fall Launch in full compliance with the Copyright Act.

81.     Make has been and still is the author of and owner of the exclusive rights to reproduce, distribute, perform, and publicly display OtoLens, Wireless PPT, and Fall Launch, or to authorize the reproduction, distribution, performance, or display of those works.

82.     Make has never granted Popular Front an express license to reproduce, distribute, perform, or publically display OtoLens, Wireless PPT, and Fall Launch, or to authorize the reproduction, distribution, performance, or public display of those works.

83.    Make revoked any implied license to Popular Front to reproduce, distribute, perform, or publically display OtoLens, Wireless PPT, and Fall Launch, or to authorize the reproduction, distribution, performance, or public display of those works.

84.    Popular Front received copies of OtoLens, Wireless PPT, and Fall Launch from Make and at all times relevant had access to OtoLens, Wireless PPT, and Fall Launch.

85.    Popular Front reproduced, distributed, performed, and publically displayed OtoLens, Wireless PPT, and Fall Launch, or works substantially similar to those works, and has authorized copying, distributing, performing, or public displaying of those works.

86.    Popular Front's actions and conduct as described above infringe upon Make's exclusive rights granted under 17 U.S.C. § 106 to reproduce, distribute, publically display, and perform OtoLens, Wireless PPT, and Fall Launch.

87.    Popular Front at all times relevant had knowledge that Make was the author and owner of all rights in the OtoLens, Wireless PPT, and Fall Launch works.

88.    Popular Front's actions and conduct as described above constitute willful copyright infringement under 17 U.S.C. § 501.

89.    Popular Front continues to infringe Make's copyrights and unless Popular Front is permanently enjoined by order of this Court will continue to infringe Make's copyrights, causing Make irreparable harm.

90.    As a result of the copyright infringement described above, Make is entitled to relief including, but not limited to, injunctive relief under 17 U.S.C. § 502, impoundment and destruction of all copies violating Make's exclusive copyrights under 17 U.S.C. §

503, actual or statutory damages under 17 U.S.C. § 504, reasonable attorneys' fees and costs under 17 U.S.C. § 505, and prejudgment interest.

## COUNT III
## Breach of Contract: Wireless PPT
## Popular Front

91.    Make repeats and realleges each and every allegation contained in the above paragraphs.

92.    Make and Popular Front formed a valid contract, the terms of which included Make providing Popular Front with a copy of the Wireless PPT work and Popular Front paying of $15,000 to Make for a copy of that work.

93.    Make provided a copy of Wireless PPT to Popular Front.

94.    Popular Front never paid $15,000 to Make.

95.    Make has sustained damages resulting from Popular Front's failure to perform.

96.    Popular Front is in breach of the contract described above.

97.    As a result of the breach of contract described above, Make is entitled to relief including, but not limited to, damages that resulted from the breach of contract, costs and disbursements incurred, and any other relief as the Court may deem just and proper.

## COUNT IV
## Unjust Enrichment: Wireless PPT
## Popular Front

98.    Make repeats and realleges each and every allegation contained in the above paragraphs.

99.    Popular Front received a copy of the Wireless PPT work.

100.   Popular Front never paid $15,000 to Make for a copy of that work.

14

101.   Make has sustained damages resulting from Popular Front's failure to perform and pay $15,000.

102.   As a result of Popular Front's unjust enrichment, if Make does not prevail on any claims that will allow Make relief under the contract, Make requests the Court grant it equitable relief in the form of an award in the amount of the value of the work provided to Popular Front, costs and disbursements, and any other relief as the Court may deem just and proper.

**COUNT V**
**Breach of Contract: OtoLens**
**Popular Front**

103.   Make repeats and realleges each and every allegation contained in the above paragraphs.

104.   Make and Popular Front formed a valid contract, the terms of which included Make providing Popular Front with a copy of the OtoLens work and Popular Front paying of $15,000 to Make for a copy of that work.

105.   Make provided a copy of OtoLens to Popular Front.

106.   Popular Front never paid $15,000 to Make.

107.   Make has sustained damages resulting from Popular Front's failure to perform.

108.   Popular Front is in breach of the contract described above.

109.   As a result of the breach of contract described above, Make is entitled to relief including, but not limited to, damages that resulted from the breach of contract, costs and disbursements incurred, and any other relief as the Court may deem just and proper.

## COUNT VI
### Unjust Enrichment: OtoLens
### Popular Front

110.    Make repeats and realleges each and every allegation contained in the above paragraphs.

111.    Popular Front received a copy of the OtoLens work.

112.    Popular Front never paid $15,000 to Make for a copy of that work.

113.    Make has sustained damages resulting from Popular Front's failure to perform and pay $15,000.

114.    As a result of Popular Front's unjust enrichment, if Make does not prevail on any claims that will allow Make relief under the contract, Make requests the Court grant it equitable relief in the form of an award in the amount of the value of the work provided to Popular Front, costs and disbursements, and any other relief as the Court may deem just and proper.

## COUNT VII
### Breach of Contract: Fall Launch
### Popular Front

115.    Make repeats and realleges each and every allegation contained in the above paragraphs.

116.    Make and Popular Front formed a valid contract, the terms of which included Make providing Popular Front with a copy of the Fall Launch work and Popular Front paying of $75,000 to Make for a copy of that work.

117.    Make provided a copy of Fall Launch to Popular Front.

118.    Popular Front never paid $75,000 to Make.

119.    Make has sustained damages resulting from Popular Front's failure to perform.

120.    Popular Front is in breach of the contract described above.

121.    As a result of the breach of contract described above, Make is entitled to relief including, but not limited to, damages that resulted from the breach of contract, costs and disbursements incurred, and any other relief as the Court may deem just and proper.


## COUNT VIII
### Unjust Enrichment: Fall Launch
### Popular Front

122.    123.    Make repeats and realleges each and every allegation contained in the above paragraphs.

124.    Popular Front received a copy of the Fall Launch work.

125.    Popular Front never paid $75,000 to Make for a copy of that work.

126.    Make has sustained damages resulting from Popular Front's failure to perform and pay $75,000.

127.    As a result of Popular Front's unjust enrichment, if Make does not prevail on any claims that will allow Make relief under the contract, Make requests the Court grant it equitable relief in the form of an award in the amount of the value of the work provided to Popular Front, costs and disbursements, and any other relief as the Court may deem just and proper.

.

## VI.    RELIEF SOUGHT

WHEREFORE, Make prays for judgment against the Defendants as follows:

a)      Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successors, and assigns and all of those in active concert or participation with them, from directly or indirectly reproducing, adapting, distributing, publicly displaying, transmitting, offering, advertising, marketing, or otherwise exploiting any material or product bearing any unauthorized reproduction, imitation, or simulation of Make's original, copyrighted works or causing, contributing to, enabling, facilitating, or participating in any such conduct.

b)      Directing that Defendants turn over for impoundment and eventual destruction all products, packages, and material in their possession or control which violate the provisions of the preceding paragraph along with all storage media or other articles by means of which such unauthorized copies may be reproduced.

c)      Directing that Defendants be required to pay Make such damages as it has sustained as a consequence of Defendants' infringement of Make's copyrights, including statutory damages for the infringed works for the maximum amount available.

d)      Awarding to Make the costs of this action, together with reasonable attorneys' fees.

e)      Alternately, awarding Make $105,000 for Popular Front's breach of contract and unjust enrichment.

f)      Awarding to Make such further relief as the Court may deem just and proper.

## VII.   JURY DEMAND

Make requests a trial by jury on all triable issues alleged in this complaint.

**CHRISTENSEN LAW OFFICE PLLC**

December 8, 2011                    By:        /s/ Carl Christensen
                                              Carl E. Christensen (#350412)
                                              800 Washington Avenue North, Suite 704
                                              Minneapolis, MN 55401
                                              Ph: (612) 823-4427, Fax: (612) 823-4777
                                              carl@clawoffice.com
                                              Attorney for Plaintiff